```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


                                              CIVIL ACTION
ABIGAYLE EARL & ROY J.
MOLIERE, IV

VERSUS                                        NO: 10-1885


RICHARD MYERS, ET AL.                         SECTION: "A" (5)
```

### ORDER AND REASONS

Before the Court is a **Motion to Remand (Rec. Doc. 9)** filed by plaintiffs, Abigayle Earl and Roy J. Moliere, IV. Defendants, State Farm Mutual Automobile Insurance Co. (State Farm) and GEICO Insurance Co. (GEICO), oppose the motion. The motion, set for hearing on August 18, 2010, is before the Court on the briefs without oral argument.

### I.   BACKGROUND

Plaintiffs Abigayle Earl and Roy J. Moliere, IV initiated this suit in state court against Aldenia D. Meredith-Hite, Richard Myers, State Farm, and GEICO. Plaintiffs allege that they were struck from behind by defendant Richard Myers while stopped on the Interstate-10 off ramp near Williams Boulevard in Jefferson Parish. (Pet. ¶ III). Defendant Hite was the owner of the vehicle that Myers was driving at the time of the accident. (Id.). Plaintiffs filed suit against Meyers and Hite, and their liability insurer, State Farm. Plaintiff Roy Moliere is also

suing his UM/UIM carrier, GEICO, in the same suit.

State Farm and Hite removed the suit to federal court alleging jurisdiction under 28 U.S.C. § 1332, diversity jurisdiction.  Plaintiffs now move to remand the case to state court.  Plaintiffs argue that the parties are not completely diverse in citizenship because pursuant to 28 U.S.C. § 1332(c)(1), GEICO is deemed to be a citizen of the same state as its insured, plaintiff Moliere.

**II.   DISCUSSION**

28 U.S.C. § 1332(c)(1) provides in pertinent part that

> [I]n any direct action against the insurer of a policy or contract of liability insurance . . . to which action the insured is not joined as a party defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as any State by which the insurer has been incorporated and of the State where it has its principal place of business.

28 U.S.C.A. § 1332(c)(1) (West 2006 & Supp. 2010).

Plaintiffs cite no authority for their contention that § 1332(c)(1) applies to divest federal courts of jurisdiction whenever an insured sues its own UM carrier for coverage.  And the Court's own research reveals that Plaintiffs' contention lacks merit.  Courts in this circuit have repeatedly recognized that a first-party UM policy is not considered *liability* insurance for purposes of § 1332(c)(1), and that an insured's suit against his own UM carrier is likewise not a direct action

2

under the statute.  See, e.g., Thomas v. Pace, No. 08-1574, 2008 WL 4091674 (E.D. La. Aug. 27, 2008) (Lemelle, J.); Gonzales v. Gov't Emp. Ins. Group, No. 99-3707, 2000 WL 235236 (E.D. La. Feb. 28, 2000) (Vance, J.) (citing Hernandez v. Travelers Ins. Co., 489 F.2d 721 (5th Cir. 1974); see also Evanston Ins. Co. v. Jimco, Inc., 844 F.2d 1185 (5th Cir. 1988).  Accordingly, in this case diversity of citizenship, *assuming that it exists*, is not destroyed simply because Moliere has asserted a claim against GEICO, his UM carrier.

Notwithstanding that Plaintiffs' sole argument in support of remand lacks legal merit, the Court must nonetheless examine the basis for jurisdiction *sua sponte* to ensure that all requirements for diversity jurisdiction are satisfied.  The parties to an action may not consent to, acquiesce in, or simply waive defects in federal subject matter jurisdiction.  See Simon v. Wal-Mart Stores, Inc., 193 F.3d 848, 850 (5th Cir. 1999).  It is well established that the party invoking the jurisdiction of a federal court must establish that the case is within the competence of that court.  Lowe v. Ingalls Shipbldg., 723 F.2d 1173, 1177 (5th Cir. 1984) (citing Wright, Miller & Cooper, Federal Practice and Procedure § 3522 at 48-49).  In a removal case, the removing party bears the burden of showing that federal jurisdiction exists and that removal was proper.  De Aguilar v. Boeing Co., 47

F.3d 1404, 1408 (5th Cir. 1995).

Diversity jurisdiction requires that the amount in controversy exceed $75,000, exclusive of interest and costs, and that the parties be of diverse citizenship. 28 U.S.C.A. § 1332(a)(1) (West 2006 & Supp. 2010). Defendant in a removed action must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1999). Louisiana law prohibits a plaintiff from specifying a numerical dollar amount in her complaint. La. Code Civ. Proc. art. 893(a)(1). As the Fifth Circuit has explained:

> The defendant may make [its] showing in either of two ways: (1) by demonstrating that it is facially apparent from the petition that the claims are likely above $75,000.00, or (2) by setting forth the facts in controversy-preferably in the removal petition, but sometimes by affidavit-that support a finding of the requisite amount.

Id. (citing Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995)).

Further, plaintiffs who join together in a lawsuit generally cannot aggregate their damages to meet the jurisdictional minimum. However, if one plaintiff alone satisfies the jurisdictional minimum, then federal courts can exercise supplemental jurisdiction over the claims of co-plaintiffs who fail to satisfy the jurisdictional amount. 28 U.S.C.A. § 1367(a)

(West 2006); Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 549 (2005).

It is not apparent from the original state petition that either of the plaintiffs' claims alone would exceed the $75,000.00 requirement of 28 U.S.C. § 1332(a). Both plaintiffs make identical rote allegations of cervical injuries, lumbar spine sprains, full disability, and psychiatric and psychological damages. (Pet. ¶ XI). Such pro forma pleading really does little on its own to suggest that either Earl's or Moliere's claims alone exceed $75,000. But State Farm points out in its notice of removal that Moliere sued GEICO claiming that Defendants' $100,000/$300,000 policy with State Farm left him underinsured for his injuries. Therefore, the amount in controversy for Moliere's claims exceeds $75,000 and the Court can exercise supplemental jurisdiction over Earl's claims regardless of the amount in controversy with respect to her claims.

The second requirement for diversity jurisdiction is that the parties be of diverse citizenship. Neither the petition nor the notice of removal establishes the citizenship of the parties. Assuming that the Plaintiffs are citizens of Louisiana, which is what their state court pleading suggests, State Farm alleges that Meyers and Hite are *residents* of Mississippi and Virginia,

5

respectively. A pleading invoking federal jurisdiction must distinctly and affirmatively allege the specific *citizenship* of the parties, and allegations regarding residency are insufficient to establish subject matter jurisdiction. <u>Getty Oil Corp. v. Ins. Co. of N. Am.</u>, 841 F.2d 1254, 1259 (5th Cir. 1989). The notice of removal says nothing whatsoever about GEICO's citizenship. Defendants will be allowed to amend their Notice of Removal pursuant to 28 U.S.C. § 1653, which is broadly construed as to avoid dismissal of actions on purely technical or formal grounds. <u>Whitmore v. Victus Ltd. T/A Master Design Furniture</u>, 212 F.3d 885, 886 (5th Cir. 2000).

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Remand (Rec. Doc. 9)** filed by Plaintiffs, Abigayle Earl and Roy Moliere, IV, should be and is hereby <u>conditionally</u> **DENIED** pending Defendants' compliance with the following order: By **December 10, 2010**, Defendants shall move to amend the notice of removal so as to establish diversity of citizenship by properly alleging the specific citizenship of each party involved in the case.

November 23, 2010

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE